### BELLEVILLE & ST. L. RY. CO. v. LEATHE.[1]

(Circuit Court of Appeals, Seventh Circuit. January 3, 1898.)

#### No. 414.

1. RES JUDICATA—JUDGMENT OR DECREE FOR DEFENDANT.

A judgment or decree for the defendant does not necessarily establish the truth of all the defenses where several are pleaded.

2. SAME—DECREE DISMISSING BILL.

An action having been brought against a railroad company for a debt, it caused one L., who, it was claimed, had assumed payment of its debts, to be notified thereof, and authorized him to use its name in defending the suit. L. accordingly assumed the defense, without himself becoming a party, and also brought a suit in equity in the name of himself and the railroad company to enjoin the prosecution of the action at law. By the answer filed in the injunction suit issues were raised, both as to the liability of the company for the debt, and the assumption of the debt by L. The action at law resulted in a judgment against the company, and the injunction suit was dismissed on the merits. *Held*, that neither the judgment nor decree was conclusive of L.'s individual liability, and he was entitled to litigate that question in a subsequent suit against him personally.

In Error to the Circuit Court of the United States for the Southern Division of the Southern District of Illinois.

This action was brought by the Belleville & St. Louis Railway Company, the plaintiff in error, for the use of Edward L. Thomas, against Samuel H. Leathe, the defendant in error, upon an alleged promise of the latter to the railway company named to pay the company's indebtedness, including one of $60,000 to Thomas. The first count of the declaration alleges the promise,

[1] Rehearing denied March 5, 1898.

and the consideration upon which it was made, and the existence and nonpayment of the debt. The second count, in addition to the averments of the first, alleges that at the September term, 1893, in the circuit court of St. Clair county, Ill., Edward L. Thomas brought an action against the plaintiff to recover the amount so due him; that the plaintiff caused the defendant to be notified of the pendency of that action, and authorized him to use its name in defending the same; that in pursuance of the notice the defendant employed counsel, filed pleas, and entered upon the defense; that the issue in that cause was whether the amount claimed by Thomas was then due and payable to him; that upon the trial, upon evidence introduced by both parties, the court gave judgment for Thomas for $53,022.23, which judgment is in full force and effect, and remains unpaid. The third count, besides repeating the averments of the first and second, alleges that while the action in the circuit court of St. Clair county was pending for trial the defendant, Leathe, in his own name and in the name of the plaintiff and the Belleville City Railway Company, to which the property of the Belleville & St. Louis Railway Company had been transferred, filed in said court a bill for an injunction to restrain Thomas from recovering judgment against the plaintiff upon said indebtedness; that, among others, one of the issues made by the bill and answer thereto was whether the amount claimed by Thomas from plaintiff was then due and payable, and whether the defendant, by reason of a certain deed and the consideration therefor, had assumed the payment of the plaintiff's debts, including that to Thomas; that a full hearing was had upon that issue, and it was then and there fully adjudicated, the injunction denied, and the bill dismissed; that thereupon judgment was rendered in the action at law in favor of Thomas for the sum above named; that it was then and there adjudicated that the said sum was due and payable to Thomas, and that the defendant had assumed the payment thereof,—all which the plaintiff offered to prove by the record of the proceedings, judgment, and decree referred to. The only plea interposed was the general issue. At the hearing the plaintiff dismissed the first count of the declaration, and in support of the other two put in evidence transcripts of the record of the judgment at law and of the decree in equity in the state court. The transcript of the chancery suit contains the evidence on which the decree was based. No other evidence was offered, and thereupon the defendant moved the court, which, by agreement in writing was trying the case without a jury, to exclude the evidence offered. That motion the court afterwards sustained, and gave judgment for the defendant. The exclusion of the evidence is shown by a proper bill of exceptions, and error is assigned upon the ruling. Among the authorities cited on behalf of the plaintiff in error are: Durant v. Essex Co., 7 Wall. 107; Aurora City v. West, Id. 102; Cromwell v. Sack Co., 94 U. S. 351; Lyon v. Manufacturing Co., 125 U. S. 698, 8 Sup. Ct. 1024; Outram v. Morewood, 3 East, 346; Freem. Judgm. §§ 249, 270; Black, Judgm. §§ 548, 614.

Chas. W. Thomas, for plaintiff in error.

G. A. Koerner, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge, after the foregoing statement, delivered the opinion of the court.

A fuller statement of the facts is not necessary to an understanding of the propositions of law on which our decision must turn. It may be that by reason of the facts alleged the defendant in error was estopped by the judgment at law to deny the amount of the indebtedness of the railway company to Thomas, but the question of his personal liability to pay that debt was not an issue in that action, and therefore could not have been concluded by the judgment. The proposition on which chief reliance is placed by the plaintiff in error is that the liability of the defendant in error to pay the debt was determined by the decree in the chancery suit. Together with various

other matters of defense set up in the answer to the bill in that case, the promise of the defendant in error on sufficient consideration to pay the debts of the railway company, including that to Thomas, was definitely averred; and, the bill having been dismissed after a hearing upon the merits, it is insisted that the decree of dismissal is an adjudication between the parties of all the issues, and therefore a conclusive determination of the alleged liability of the defendant in error. The proposition is not sound, and is believed to be without support in the decided cases.     It is, of course, true, and the doctrine is everywhere recognized, as declared in Durant v. Essex Co., 7 Wall. 107, that a decree in absolute terms dismissing a bill is "an adjudication of the merits of the controversy," but that does not mean that such a decree must be regarded as establishing conclusively the truth of all matters of defense alleged, when more defenses than one appear to have been pleaded.     "It is a general rule that a valid judgment for the plaintiff definitely and finally negatives every defense that might and should have been raised against the action" (Black, Judgm. § 354); but the converse—that a judgment or decree for the defendant establishes the truth of all defenses pleaded, no matter how many or various—is not true.     The authorities on this point are consistent, though in respect to the burden of proof, and perhaps other phases of the subject, they are not in entire harmony.     Van Fleet, Former Adj. § 279.     For the present purpose it is enough to quote a passage from the opinion of the supreme court in Russell v. Place, 94 U. S. 606, 608:

"It is undoubtedly settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties.     But to this operation of the judgment it must appear, either upon the face of the record or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit.     If there be any uncertainty on this head in the record,— as, for example, if it appear that several distinct matters have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered,—the whole subject-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined.     To apply the judgment, and give effect to the adjudication actually made, when the record leaves the matter in doubt, such evidence is admissible."

In Washington Gaslight Co. v. District of Columbia, 161 U. S. 316, 329, 16 Sup. Ct. 564, where Russell v. Place and other cases are cited, it is said:

"The elementary rule is that, for the purpose of ascertaining the subject-matter of a controversy, and fixing the scope of the thing adjudged, the entire record, including the testimony offered in the suit, may be examined."

The judgment below is affirmed.