ÆTNA LIFE INS. CO. v. BOARD OF COM'RS OF HAMILTON
COUNTY, KAN.

(Circuit Court of Appeals, Eighth Circuit.    August 4, 1902.)

No. 1,654.

1. RES JUDICATA—WHERE PARTIES, DEFENSES, AND ISSUES ARE SAME, CAUSES
   DIFFERENT, AND FINDING GENERAL.
   A former judgment, based upon a general finding for the defendant,
   which does not disclose which one of several defenses therein was sus-
   tained, constitutes an estoppel of the plaintiff therein from maintaining
   a second action between the same parties upon different causes of action
   in which the same defenses are interposed and the same issues are pre-
   sented that were made in the earlier action, unless he makes it appear
   by pleading or proof that some new and determining issue or matter is
   involved in the second action that was not, or may not have been, liti-
   gated or decided in the first.

2. SAME—IMMATERIAL WHICH OF SEVERAL DEFENSES WAS SUSTAINED IN FIRST
   ACTION WHERE NO NEW DETERMINING MATTER IS PRESENTED IN SECOND.
   Where the same issues are made and the same defenses are inter-
   posed in both actions, and there is no pleading or proof that any new
   determining issue, matter, or right is involved in the second action, it
   is not material upon which defense or issue the former judgment was
   based, because an opposite judgment cannot be rendered without re-
   litigating at least one defense and issue determined in the former action,
   and overruling the decision upon it there rendered.

3. SAME—WHERE MATERIAL ISSUE IN SECOND ACTION MAY NOT HAVE BEEN
   LITIGATED OR DECIDED IN FIRST, IT IS NOT RES ADJUDICATA.
   Where the record is such that there is or may be a material issue or
   matter that may not have been raised, litigated, and decided in the
   former action, the judgment therein does not constitute an estoppel,
   unless by pleading or proof the party asserting it establishes the fact
   that the issue, right, or matter in question was actually and necessarily
   litigated and determined in the former action.

4. SAME—JUDGMENT ON DIFFERENT CAUSE OF ACTION.
   When the second suit is upon a different cause of action, but between
   the same parties as the first, the judgment in the former action operates
   as an estoppel in the latter as to every point and question which was
   actually litigated and determined in the first action, but it is not conclu-
   sive as to other matters which might have been, but were not, litigated
   or decided.

5. SAME—JUDGMENT ON SAME CAUSE OF ACTION.
   When the second suit is upon the same cause of action and between
   the same parties as the first, the judgment in the former action is con-
   clusive in the latter as to every question which was or might have been
   presented and determined in the former.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District
of Kansas.

On July 20, 1897, the Ætna Life Insurance Company, a corporation, brought
this action upon coupons, some of which were cut from 20 bonds dated May
7, 1877, and others from 40 bonds dated May 16, 1888. The plaintiff alleged
in its petition that these bonds and coupons had been issued by the de-
fendant, the board of county commissioners of the county of Hamilton,
state of Kansas; that the plaintiff had purchased them for value, before
maturity; that the coupons in suit were overdue; that demand of payment
had been made, and that they had not been paid. The answer of the de-

¶ 5. See Judgment, vol. 30, Cent. Dig. § 1241.

fendant consisted of a denial that the bonds and coupons were ever issued by it; a denial that the plaintiff ever bought them; an assertion that these bonds and coupons were executed and issued by parties who were not officers of the county of Hamilton, and who had no authority to issue them on its behalf; that the county never received any consideration therefor; and that the plaintiff was estopped from maintaining this action, because in a prior suit between the same parties upon other coupons cut from the same bonds the same defenses had been interposed and the same issues had been presented which were interposed and presented in this case, and those defenses and issues had been tried, and a judgment had been rendered therein for the defendant, and had been subsequently affirmed by this court. Ætna Life Ins. Co. v. Hamilton Co., 25 C. C. A. 94, 79 Fed. 575. To this answer the plaintiff replied that it was true that in an action between these parties on other coupons cut from the same bonds from which those involved in this action were taken the same defenses were interposed and the same issues were made which were interposed and made in this suit; that evidence was introduced in support of all the allegations of the petition; that a trial was had; that the court found for the defendant, and rendered a judgment in its favor, which was affirmed in this court. But it denied that all the issues and defenses in the former action were litigated and determined, and alleged that the court made no specific finding of facts, but that the judgment in favor of the defendant was rendered upon a general finding in its favor; so that it is impossible to determine which of the various defenses pleaded by the county in that action were sustained. The reply also contains an allegation that the county clerk of Hamilton county made a written certificate to the effect that the actual indebtedness of the county, including that evidenced by the bonds in question, did not exceed $80,000; that he did this for the purpose of persuading the plaintiff to buy the bonds; that the plaintiff was thereby induced to purchase them; and that these facts estop the county from denying their validity. In this state of the case the court below granted a motion for judgment on the pleadings in favor of the defendant upon the ground that the right of the insurance company to recover upon the bonds or the coupons was rendered res adjudicata by the former judgment to the effect that they were void. The writ of error challenges this decision.

Frank P. Lindsay, Oliver J. Bailey, and James H. Sedgwick, for plaintiff in error.

C. N. Sterry and George Getty, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The defenses interposed and the issues raised in this case are identical with those presented in the former action, in which judgment was rendered for the defendant upon coupons cut from the same bonds as were those in this suit. The only new allegation in this action is that the plaintiff was induced to buy the bonds and coupons by the certificate of the county clerk that the indebtedness of the county, including that evidenced by the bonds in question, did not exceed $80,000; and this averment is immaterial, because the county clerk had no statutory or other authority to make such a certificate for the county. City of Huron v. Second Ward Sav. Bank, 86 Fed. 272, 282, 30 C. C. A. 38, 48, 49 L. R. A. 534. The fact that the issues of demand and refusal of payment in the two actions differ because they must have been made at different times, since the coupons in this action were not due until after the former action was commenced, is

of no consequence, because a demand and refusal were not essential to the maintenance of either action, and the legal presumption is that the former judgment was based on a sufficient defense, and not upon an immaterial issue. Speer v. Board, 88 Fed. 749, 753, 754, 32 C. C. A. 101, 105; Hughes Co. v. Livingston, 43 C. C. A. 541, 556, 104 Fed. 306, 321. The only real question in the case, therefore, is this: Is a former judgment upon a general finding in favor of the defendant which does not disclose which one of several defenses was sustained, an estoppel of the plaintiff therein from maintaining a second action upon different causes of action against the same defendant in which the same defenses are interposed and the same issues are presented that were made in the earlier action? Counsel for the plaintiff argue with great force and persuasiveness that this question must be answered in the negative. They plant themselves upon the declaration of the supreme court in Russell v. Place, 94 U. S. 606, 608, 24 L. Ed. 214, that "it is undoubtedly settled law that a judgment of a court of competent jurisdiction upon a question directly involved in one suit is conclusive as to that question in another suit between the same parties. But to this operation of the judgment it must appear, either upon the face of the record or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record,—as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered,—the whole subject-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined. To apply the judgment, and give effect to the adjudication actually made, when the record leaves the matter in doubt, such evidence is admissible." They cite in support of their contention Cromwell v. Sac. Co., 94 U. S. 351, 24 L. Ed. 195; Board v. Sutliff, 38 C. C. A. 167, 97 Fed. 270; Packet Co. v. Sickles, 5 Wall. 580, 18 L. Ed. 550; Nesbit v. Independent Dist., 144 U. S. 610, 12 Sup. Ct. 746, 36 L. Ed. 562; Railway Co. v. Leathe, 84 Fed. 103, 28 C. C. A. 279; and Bank v. Williams (Wash.) 63 Pac. 511,—and they insist that, because the general finding and judgment in the first action do not indicate which one of the several defenses pleaded in both actions was litigated, nor upon which one the judgment was based, that judgment cannot constitute an estoppel upon any one of these defenses or issues, and that every defense there presented may be again litigated in this action,·unless the defendant proves by extrinsic evidence which one or more of them were actually litigated and determined in the former suit. The propositions that there is nothing in the record in the former action nor in the pleadings in this action that discloses which one of the several defenses interposed in both actions was sustained in the earlier one, and that, if it is essential to the estoppel in this case to determine this fact, this judgment cannot stand, must be conceded. But how is the determination of the question whether one or another of these defenses was sustained in the earlier action essential to the establishment of the estoppel? The pleadings upon which this judg-

ment stands show that the same issues are made and that the same defenses are interposed here that were made and interposed in the former action. The judgment in the earlier action is conclusive evidence that at least one of these defenses was sustained, and that at least one of these issues was determined in favor of the defendant. By that judgment the plaintiff is estopped from again litigating that defense or that issue, and an estoppel from litigating one of many defenses or issues that are equally fatal to his case would seem to be as conclusive and as fatal as an estoppel from litigating them all. The quotation from Russell v. Place, and the general declarations of the courts in the other cases cited, must be read in the light of the facts then under consideration by those courts. In that class of cases in which the second action presents a material issue or matter which may not have been raised, litigated, and decided in the former action it is undoubtedly essential to the estoppel to show what issue was litigated and decided and what question was determined in the earlier case, in order to determine whether or not the issue there determined embraced the matter in litigation in the second action. But where, as in the case at bar, the pleadings conclusively show that all the defenses made and all the issues joined are identical in the two actions, it is difficult to perceive how it can make any difference to which one of the defenses or issues the estoppel applies, because the mere fact that it does apply to one defense and to one issue is as fatal to the maintenance of the second action as it would be if it applied to all. When the opinions which have been cited by counsel for the plaintiff are carefully read, analyzed, and considered, they will not be found to be inconsistent with this distinction. The decisions which they cite all fall within the first class of cases to which we have adverted and fail to rule the question which is presented in the case in hand.

In Russell v. Place, 94 U. S. 606, 609, 24 L. Ed. 214, the question was whether a judgment at law against a defendant for damages for the infringement of a patent which contained two claims estopped the defendant in a subsequent suit against it for an injunction against the infringement from litigating the issues of the novelty, the prior public use, and the infringement of the invention, which had been pleaded in the action at law. The court answered this question in the negative, because there were two claims to the patent, one of which might be valid and the other void, and the judgment at law did not disclose whether it rested on a finding that both or only one of the claims was infringed, and, if but one, it did not show which one. In other words, the judgment in the action at law might have been founded upon the determination of an issue which would not have entitled the complainant to an injunction restraining the defendant from the use of both of the inventions described in the two claims of the patent.

In Packet Co. v. Sickles, 5 Wall. 580, 18 L. Ed. 550, the action was brought upon a contract to pay three-fourths of the fuel saved by the use of Sickles' cut-off on a steamboat for a certain length of time. The plaintiff, for the purpose of estopping the defendant from questioning the validity of this contract, offered in evidence the record of a former judgment in an action of like character for the fuel saved during an earlier term, together with the testimony of witnesses that the con-

tract involved in the earlier action was the same as that upon which the second action was founded. The supreme court decided that in this state of the case it was competent for the defendant to introduce the testimony of witnesses to prove that the contract involved in the former action was in writing, while that in question in the latter suit was a parol agreement, and therefore void under the statute of frauds. In other words, the defendant was permitted to show that the former judgment was not an estoppel, because it had a new defense in the second action, which was not pleaded, tried, or ruled upon in the former case.

In Cromwell v. Sac Co., 94 U. S. 351, 359, 24 L. Ed. 195, the findings in the former action upon which the judgment for the defendant was based disclosed the fact that the bonds and the coupons that had been cut from them upon which the action was based were fraudulently issued, and they contained no finding that the holder of the bonds paid value for them. The supreme court held that a judgment upon this finding did not estop the holder of the bonds from maintaining a second action on other coupons taken from bonds of the same issue upon proof that he had purchased and paid value for them in good faith in reliance upon the recitals which they contained, before their maturity. In other words, it held that the earlier judgment did not estop the plaintiff from maintaining a second action upon different causes of action, and upon a state of facts which presented an issue of law and of fact that was not raised or litigated in the earlier suit. To the same effect is the decision in Board v. Sutliff, 97 Fed. 270, 274, 38 C. C. A. 167, 171.

In Nesbit v. Independent Dist., 144 U. S. 610, 619, 12 Sup. Ct. 746, 36 L. Ed. 562, the converse of this proposition is maintained. It is there held that the litigation and defeat, in a prior action upon coupons by a purchaser for value without notice, of the defense that the debt of the district exceeded its constitutional limit when the bonds were issued did not estop the district in a subsequent action upon the bonds themselves from maintaining the defense that the debt was in excess of the constitutional limit against the same plaintiff who was there proved to have received notice of this fact before he bought the bonds.

The case of Railway Co. v. Leathe, 84 Fed. 103, 105, 28 C. C. A. 279–281, holds only that, where one of several defenses to a prior suit was that the defendant had assumed and was liable for the debts of a railroad company, and that suit was dismissed, the judgment of dismissal did not estop the defendant from litigating the question of his liability in a subsequent action against him, for the reason that the record of the former suit did not show that all the defenses there pleaded were sustained, and hence did not establish the fact that the court had decided that the defendant had assumed and had become liable for the debt of the railroad company.

In Bank v. Williams (Wash.) 63 Pac. 511, the holder of bonds filed a petition for a mandate to compel the county commissioners of Pacific county and the school district to levy a tax to pay the interest upon the bonds of the district. The school district answered (1) that its debt was in excess of its constitutional limit when the bonds were

issued; (2) that the bonds were fraudulently issued; (3) that since the issue of the bonds a large portion of the district had been cut off and made a part of other districts; and (4) that the moneys then in the hands of the county treasurer were not applicable to the payment of the interest on the bonds. The petitioner demurred to this answer. The court overruled the demurrer, and dismissed the petition. Afterwards the plaintiff brought an action against the same defendants upon the coupons cut from these bonds, and the defendants answered that the plaintiff was estopped from maintaining the second action by the record and judgment in the first. To this the plaintiff replied that the judgment in the former action was rendered on the sole ground that none of the moneys then in the hands of the county treasurer were applicable to the payment of the bonds, and that no other defense or issue was decided or determined in that case. He established the truth of the averments of this reply by parol testimony. The court held that in this state of facts the former judgment did not estop the plaintiff from litigating the three defenses which were not tried or determined in the earlier action, and sustained the judgment below for the plaintiff.

. This brief analysis of the controlling facts of the cases upon which the plaintiff places its chief reliance discloses the fact that in every one of them the record was such that the former judgment either was or might have been rendered without a litigation and decision of the crucial and determinative issue presented in the second action. In every case cited the second action presented some controlling issue, which either was not or might not have been litigated and decided in the former suit. It is not so in the case in hand. This case is presented upon the petition, answer, and reply. There is no averment or statement in any of these pleadings that any issue or defense, any right, question, matter, or fact, that is or can be determinative of this action, was not raised, presented, litigated, and decided in the former suit. On the other hand, these pleadings admit that the same issues have been raised, that the same defenses have been interposed in both actions, that in the former action evidence was introduced in support of all the allegations of the petition, that the earlier action was duly tried, and that a judgment was rendered for defendant upon due consideration. It is true that the defendant interposed several defenses to that action, and that it is impossible to determine from the pleadings which one was sustained. Nor is that fact material. One of the defenses which the county has presented in both of the actions was necessarily sustained in the earlier suit, and all the bonds from which the coupons in both actions were taken and the coupons themselves were held to be void in view of that defense. The doctrine of res adjudicata is that the same parties are conclusively estopped from again litigating any issue, question, right, or matter which they have once lawfully raised and litigated, and which the court has once decided. This second action upon coupons cut from the same bonds as those involved in the first action cannot be sustained without a second litigation and an overruling of the very defense which the court sustained in the former action. Concede that all the other issues and defenses may be tried and decided in this suit without again litigating any issue presented before, yet there remains that one defense which was sustained

in the former action which was fatal to the plaintiff's case then, and which is fatal to it now, unless the plaintiff can again in this action raise the issue which that defense presents, and can here obtain a decision and judgment upon it which shall be the converse of those which were rendered in the former action. This it may not do. The very purpose of the establishment and maintenance of civil courts is to finally determine controversies between the parties who present them. If the decisions of these courts upon questions lawfully submitted to and tried by them were not conclusive, if the courts left the questions which they decided open to repeated litigation and decision, their usefulness would immediately cease, and litigants would no longer invoke their aid to protect their rights or redress their wrongs. It is essential to the peace and repose—nay, it is essential to the very existence—of civilized society that the decisions and judgments of the courts invoked for the protection of the rights of person and of property should be final and conclusive between the parties and their privies upon every question of fact and of law which they properly put in issue and the courts actually try and decide. The maintenance and application of this salutary principle have evoked these established rules for the administration of estoppel by judgment:

Where the second suit is upon the same cause of action, and between the same parties as the first, the judgment in the former is conclusive in the latter as to every question which was or might have been presented and determined in the former.

When the second suit is upon a different cause of action, but between the same parties, as the first, the judgment in the former action operates as an estoppel in the latter as to every point and question which was actually litigated and determined in the first action, but it is not conclusive as to other matters which might have been, but were not, litigated or decided. Linton v. Insurance Co., 104 Fed. 584, 587, 44 C. C. A. 54, 57; Commissioners v. Platt, 79 Fed. 567, 571, 25 C. C. A. 87, 91, 49 U. S. App. 216, 223; Board v. Sutliff, 38 C. C. A. 167, 171, 97 Fed. 270, 274; Southern Pac. R. Co. v. U. S., 168 U. S. 1, 48, 18 Sup. Ct. 18, 42 L. Ed. 355; Southern Minnesota Ry. Extension Co. v. St. Paul & S. C. R. Co., 55 Fed. 690, 5 C. C. A. 249.

Where the record is such that there is or may be a material issue, question, or matter in the second suit upon a different cause of action which may not have been raised, litigated, and decided in the former action, the judgment therein does not constitute an estoppel from litigating this issue, question, or matter, unless by pleading or proof the party asserting the estoppel establishes the fact that the issue, question, or matter in dispute was actually and necessarily litigated and determined in the former action. Russell v. Place, 94 U. S. 606, 608, 24 L. Ed. 214.

A former judgment, based upon a general finding for the defendant, which does not disclose which one of several defenses therein was sustained, constitutes an estoppel of the plaintiff therein from maintaining a second suit against the same defendant upon different causes of action in which the same defenses are interposed and the same issues are presented that were made in the earlier action, unless the party denying the estoppel makes it appear by pleading or proof that some

new and material issue, question, or matter is involved in the second action, which was not or may not have been litigated or decided in the first action. Bissell v. Spring Valley Tp., 124 U. S. 225, 236, 8 Sup. Ct. 495, 31 L. Ed. 411; Pittsburgh, C., C. & St. L. Ry. Co. v. Keokuk & H. Bridge Co., 46 C. C. A. 639, 644, 107 Fed. 781, 786, 787.

Where the same issues are made and the same defenses are interposed in both actions, and there is no pleading or proof that any new determining issue, question, or matter is or may be involved in the second action, it is not material upon which defense or issue the former judgment was based, because an opposite judgment cannot be rendered without relitigating at least one defense and issue determined in the former action, and overruling the decision upon that defense which was there rendered.

The pleadings in this case leave no avenue of escape from the conclusion that at least one of the defenses pleaded in this action was actually and necessarily litigated and sustained in the former action between these parties, wherein there was a judgment for the defendant. That defense proved fatal to the validity of the bonds and coupons in that earlier action. In the absence of pleading or proof that this action presents some determining issue which might not have been litigated and decided in the former action, the defense which was there sustained is as conclusively established in this action by the judgment in that action, and is as fatal here as it was in the earlier suit.

The judgment below must be affirmed, and it is so ordered.