WILCOX et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.  April 27, 1908.)

No. 2,693.

1. JURY—TRIAL—NUMBER OF PEREMPTORY CHALLENGES.
  Under sections 2240 and 2247, Mansf. Dig. (Ind. T. Ann. St. 1899, §§ 1583, 1590), defendants tried together for a misdemeanor are entitled to but three challenges, and the challenge of any one of them must be counted against all.
  [Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Jury, § 612.]

2. CRIMINAL LAW—FORMER JEOPARDY—ESTOPPEL BY VERDICT—BURDEN ON HIM WHO ASSERTS TO PROVE—TEST—IDENTITY OF EVIDENCE.
  Where there are two actions between the same parties upon different causes of action, and there is, or may be, a material issue that may not have been raised, litigated, and decided in the action which has gone to verdict, the burden is on him who asserts to prove by pleading or evidence that the issue, right, or matter in question was actually and necessarily litigated and determined in the earlier trial.
  The test of identity of issues is the identity of the evidence requisite to sustain them.

(Syllabus by the Court.)

In Error to the United States Court of Appeals in the Indian Territory.

R. A. Smith and Yancey Lewis, for plaintiffs in error.
James E. Gresham, for defendant in error.

Before SANBORN and ADAMS, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge.  The plaintiffs in error, Wilcox and Ungles, were jointly indicted, tried, and convicted in the Indian Territory of maliciously disturbing the peace of the family of J. W. McCreary by threatening to fight and fighting in the vicinity of his residence.  They complain that the trial court allowed them but three peremptory challenges.  The controlling statutes read:

"The defendant is entitled to twenty peremptory challenges in prosecutions for felony and to three in prosecutions for misdemeanor."  Mansf. Dig. Ark. § 2240 (Ind. T. Ann. St. 1899, § 1583).

"When several defendants are tried together, the challenge of any one of the defendants shall be the challenge of all."  Section 2247 (section 1590). Act May 2, 1890, c. 182, § 33, 26 Stat. 96.

The plain meaning of these provisions of the law is that, if any one of the defendants challenges a juror, all the defendants challenge him, and the challenge must be counted against all.  When three challenges have been made, whether by one or several joint defendants, and whether jointly or severally, each defendant has had three challenges, because the challenge of any one is the challenge of all.  Glass v. Commonwealth (Ky.) 26 S. W. 811; 1 Thompson on Trials, 40.

The disturbance of the peace of which the defendants were convicted consisted of the assault and battery upon Charles O. Shepard, townsite commissioner of the Choctaw Nation, in front of McCreary's residence.  Before the trial of this action the defendants had been

indicted, tried, and Wilcox had been acquitted of the offense of conspiring to injure Shepard, an officer of the United States, on account of his lawful discharge of the duties of his office, under section 5518, Rev. St. (U. S. Comp. St. 1901, p. 3714). It is assigned as error that the Court of Appeals of the Indian Territory sustained the admission of evidence by the trial court tending to show that Wilcox conspired with Ungles to commit the assault and battery upon Shepard, and its rejection of the indictment and verdict in the case for injuring him on account of his lawful discharge of the duties of his office. But the two offenses differed in character, in their essential facts, and in the evidence necessary to establish them. In actions between the same parties upon different causes of action the burden is upon him who asserts it to prove that any issue involved in the later was litigated and determined by the earlier trial. The test of identity of issues is that the same evidence was indispensable to sustain each. Ætna Life Ins. Co. v. Board of Com'rs, 54 C. C. A. 468, 474, 117 Fed. 82, 88; Board of Com'rs v. Sutliff, 38 C. C. A. 167, 171, 97 Fed. 270, 274; Southern Minnesota Ry. Extension Co. v. St. Paul & S. C. R. Co., 5 C. C. A. 249, 255, 55 Fed. 690, 696. The plaintiff in error, Wilcox, failed to bear this burden successfully. The fact that the jury acquitted him of the charge of conspiring to injure Shepard on account of his lawful discharge of the duties of his office did not establish the fact that they found that he did not conspire to assault and to injure him, and there was no other evidence of that averment. The verdict may have been founded on a finding that Wilcox conspired to commit the assault, but that he did not do so on account of Shepard's discharge of the duties of his office. There was, therefore, no error in the rejection of the former indictment and verdict, nor in the admission of the evidence that Wilcox conspired to commit an assault and battery upon Shepard.

It is assigned as error that after one or two witnesses had testified, and Shepard had denied, that just before the assault he had said, "You are a liar," the court refused to permit another witness to testify that Shepard's general manner of speech was loud and threatening, for the purpose of proving that it was more probable that in this instance he used, than that he did not use, the words charged. But the attempt was not to show that it was Shepard's custom or habit to use such words, but that it was his habit to speak loudly and threateningly, and evidence to that effect was too remote and inconsequential for admission.

There was no error in the trial, and the judgments of the courts of the Indian Territory are affirmed.