UNITED STATES of America,
Plaintiff,

v.

OUTAGAMIE COUNTY, Wisconsin, Village of Little Chute, Wisconsin, Paul Kostka, President of the Village of Little Chute, Wisconsin, Alvin Fulcer, Chairman, County Board of Supervisors of Outagamie County, Wisconsin, Defendants.

No. 55–C–179.

United States District Court
E. D. Wisconsin.
July 28, 1955.

Edward G. Minor, U. S. Atty., Milwaukee, Wis., for plaintiff.

Urban P. Van Susteren, Appleton, Wis., for defendants Village of Little Chute and Paul Kostka, President.

Raymond P. Dohr, Appleton, Wis., for Outagamie County and Alvin Fulcer, Chairman of Board of Supervisors.

GRUBB, District Judge.

This matter is before the Court on an application by the Government for a temporary injunction, pending litigation, against Outagamie County, et al., to restrain the defendants from obstructing a navigable waterway and from failing and refusing to open a bridge over the waterway and to require defendants to do all things necessary and proper to open the bridge when properly requested to do so by vessels navigating the canal.

The stipulation of facts entered into and the testimony at the hearing indicate that the canal is a navigable waterway and was constructed solely for the purpose of navigation. There exists a drawbridge over the canal built in 1928 by Outagamie County under an instrument received from the War Department. That instrument is not in evidence. This bridge formed part of the Outagamie County highway system. During 1954 and 1955 the county constructed new bridges, relocated the county trunk highway and abandoned the highway as it previously existed going across this bridge. On or about June 30th or July 1, 1955, the county raised the drawbridge to an open position and locked it in that position so that navigation could move back and forth and erected barricades across the highway approaches. On July 8th the Village lowered the drawbridge and removed the barricades. The drawbridge has a clearance of less than ten feet. Since July 8, 1955, and until temporary restraining order was served, traffic moving up and down the Fox River has been obstructed and blocked because of the drawbridge and refusal of said County or Village to provide tenders to raise the drawbridge. Demand was made by the Department of the Army upon defendants and their refusal to open the drawbridge resulted in an obstruction to a navigable waterway. Since July 8th the drawbridge has been completely unlighted. The testimony further shows that this drawbridge leads from the Village of Little Chute to an island on which is located a garbage disposal plant and on which are rubbish dumps or other means of disposing of rubbish. These are used for those purposes by the Village of Little Chute and possibly its residents. The evidence further shows that aside from such use, there is practically no traffic moving over the drawbridge. The drawbridge and the island to which it leads are used as a practical matter exclusively by the village and its residents.

In March of 1926 the Village of Little Chute brought an action in this Court against the Secretary of War of the United States and others to restrain the defendant officers from disrupting the highway and putting a previous bridge at this point out of commission and from commencing a criminal proceeding against the plaintiff. That action proceeded to judgment in favor of the plaintiff. Plaintiff now claims that that judgment is *res adjudicata* on the question now before the Court.

The Court has now gone over the records in that action and does not agree that the judgment therein is *res adjudicata* on the question now before the Court. There have been many changes since that judgment was entered, among others the abandonment of that part of the county trunk highway which went over this bridge by Outagamie County, its raising the drawbridge and putting it in a locked position and its barricading the highway. Furthermore, the previous action involves a different question although possibly one somewhat related. The Court concludes for these and other reasons that the judgment in the previous action is not *res adjudicata* on the question now under consideration.

Under the provisions of Title 33, Section 499, U.S.C.A. this canal should be kept open for navigation and no obstacle to navigation should be permitted or tolerated. Irreparable injury will occur to the Government in connection with its duties regarding navigation if this drawbridge is permitted to obstruct navigation.

In view of the fact that the County of Outagamie has not been guilty of obstructing navigation and does not threaten to do so, the application for a temporary injunction against the County and against the defendant, Alvin Fulcer, Chairman of the County Board of Supervisors, is denied without prejudice. The County and the Chairman of its Board also asked that they be dismissed from the action. The Court feels that a dismissal would be premature, not having heard any evidence except such as bears on the application for injunction pending final judgment.

The Village of Little Chute and its President take the position that it is the duty of the Court to balance hardships and that the hardships resulting on that defendant greatly exceed the benefit which would accrue to the plaintiff on granting of temporary relief because of the cost involved in having a bridge tender. It appears from the evidence that the only persons benefiting from the operation of the drawbridge are the Village of Little Chute and its inhabitants. No doubt a temporary restraining order will cause some inconvenience and expense to the Village. That can be avoided by the Village by raising the drawbridge, placing it and securing it in a raised position where it will not obstruct navigation. If the Village desires to use the drawbridge from time to time for Village purposes, then it is only equitable in the Court's opinion that the Village make such arrangements as it sees fit, either by having its garbage and rubbish truck drivers take a boat across the canal to lower the bridge when it is being used, to install controls on the back of the canal nearest the Village, or by any of numerous other methods. Inconvenience and expense to the Village is not in the Court's opinion basis for denying relief or for ignoring the provisions of Section 499 of Title 33 of the U.S.C.A.

For these reasons the Court is granting the injunction pending final determination of the litigation enjoining the Village of Little Chute and its President from obstructing this navigable water-way and from failing or refusing to open the bridge in question on a signal if the bridge is in down position, and requiring said defendants and each of them to do all things necessary and proper to permit the opening of the bridge when properly requested so to do by vessels engaged in navigation upon the canal and enjoining them and each of them from leaving the bridge down in hours of darkness unless it be properly lighted. Findings of Fact and Conclusions of Law are being signed and filed herewith, as is the Order for Preliminary Injunction. Counsel for the plaintiff will prepare and submit Preliminary Injunction in conformity with this decision, the findings and the order.