**UNITED STATES of America, Plaintiff,**

v.

**OUTAGAMIE COUNTY, WISCONSIN; Village of Little Chute, Wisconsin; Paul Kostka, President of the Village of Little Chute, Wisconsin; Alvin Fulcer, Chairman, County Board of Supervisors of Outagamie County, Wisconsin, Defendants.**

No. 55–C–179.

United States District Court
E. D. Wisconsin.

Sept. 4, 1956.

on the application for temporary injunction are set forth in a decision entered July 28, 1955 and reported in D.C., 132 F.Supp. 481. At that time findings of fact and conclusions of law were entered on the application for temporary injunction. Since that time the parties have presented their proofs, briefs have been submitted and the matter is now before the court for decision.

As to Outagamie County and Alvin Fulcer, Chairman of the County Board of Supervisors of Outagamie County, the court finds that neither of said defendants at any time material to this litigation has obstructed nor threatened to obstruct navigation on the canal, and therefore, the action is to be dismissed as to said defendants.

As to the defendants Village of Little Chute and Paul Kostka, as its President, in addition to the facts set forth in the decision of July 28, 1955, the situation is as follows: It is the contention of said defendants that a judgment entered by this court, Honorable Ferdinand A. Geiger, Judge presiding, in the action entitled, "Village of Little Chute, Plaintiff, v. Secretary of War of the United States, Dwight S. Davis, et al., Defendants," said judgment having been entered on the 22nd day of December, 1926, is res judicata on the issues before the court in this action. It is the further contention of said defendants that there was a roadway across the land prior to the time the canal was built, that the duty to maintain the bridge devolves upon the parties who built the canal and their successors in interest, that the present successor in interest is the plaintiff herein.

The case of "Village of Little Chute v. Secretary of War of the United States, Dwight S. Davis, et al." was tried in 1926. The pleadings indicate that there were two issues before the court: (1) A claim that a public highway existed across what is now the canal at a point where the bridge is located prior to the digging of the canal; and (2) that Outagamie County had adopted the highway by land across the canal as a county

Edward G. Minor, U. S. Atty., and Howard W. Hilgendorf, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Urban P. Van Susteren, Appleton, Wis., for Village of Little Chute and Paul Kostka, its President.

Raymond P. Dohr, Corp. Counsel, Appleton, Wis., for Outagamie County, and Alvin Fulcer, Chairman, County Board of Sup'rs of Outagamie County, Wis., for defendants.

GRUBB, District Judge.

This action was brought by the government to obtain an injunction prohibiting the defendants from obstructing navigation on a canal, in or near the Village of Little Chute. The basic facts as brought out at the time of the hearing

highway. The complaint asked that the defendants be restrained from criminal prosecution of the plaintiff for obstructing navigation. Neither the findings nor the judgment in that case indicate the basis for the decision of Judge Geiger. While there was a difference in parties and while the issue was slightly different, the basic issue was whether the Village was entitled to an injunction enjoining the defendants who were officers of the United States government from starting criminal proceedings against the Village because of its failure to comply with an order of the Secretary of War to raise the bridge so as not to obstruct navigation.

The court has examined the transcript of the testimony and depositions in the case before Judge Geiger. It is the opinion of this court that the Village in that case did not meet its burden of proof in establishing that there was a public highway at the point in question prior to the digging of the canal. There is evidence from which the court could have found, had it seen fit, that there had been an Indian trail there that was used from time to time by early settlers going to and from the Village of Little Chute after having crossed the river in some manner or other, either by boat, wading or on ice. The testimony is such that this court does not believe that Judge Geiger would have found that the Village had met its burden of proof in establishing that there was in fact a public highway as distinguished from an Indian trail used from time to time. There had been many Indian trails in this country. They have not frequently remained in the same places and have been changed from time to time. The court therefore feels that it cannot find from the record in that case that the precise question as to the prior existence of a public highway was there determined.

In that case the witness Jansen, President of the Village of Little Chute, testified that he had examined the records in question and from them learned that Outagamie County and the Town of Kau-kauna built the first bridge at the point in question (this was before the Village of Little Chute was incorporated and at the time in question was part of the Town of Kaukauna), that the bridge was maintained by the Town until the Village was incorporated and that thereafter the Village maintained the bridge until 1922, after which it was taken over as part of the county highways and apparently maintained by the County. Mr. Vanhoof, the clerk testified that he found a resolution and order for the appointment of a bridgetender.

It thus appears that the County was actually maintaining this bridge at the time of the 1926 action. Thereafter, and in 1928, a new bridge was built by the County, which bridge was at all times prior to the 1st of July, 1955 maintained by the County. When the County built the new bridge and abandoned that portion of the highway, it raised the drawbridge in question, locked it in a raised position so that it did not obstruct navigation, blockaded the end of the highway so that persons could not travel to the edge of it and fall into the canal and in no way obstructed navigation. Further facts in that respect are set forth in the decision of July 28, 1955.

The court finds that the Village has not met its burden of proof in this action in establishing that a public highway existed across what is now the canal at the location of the bridge prior to the digging of the canal. Furthermore, any doubt that there might otherwise be on the question of the duty of the United States to maintain this drawbridge has been resolved by practical construction. The evidence indicates that the United States of America has never maintained that drawbridge. It has always been maintained either by the Village, the Township or the County. That after the 1926 action, as well as at the time of that action, it was being maintained by the County, was continually maintained by the County until the County abandoned that part of the county highway in 1955 and then removed the obstruction of navigation. Thereafter, the Village let the

drawbridge down, obstructed navigation, failed to maintain it so that navigation would be possible, and that it has been used since the abandonment of the County highway solely by the Village and its residents for their own conveniences.

It is the opinion of the court that a finding that the 1926 action is res judicata on this question cannot be made under the requirements set forth in Russell v. Place, 94 U.S. 606, 24 L.Ed. 214, and cases thereafter citing that decision, including Aetna Life Insurance Co. v. Board of Com'rs of Hamilton County, Kan., 8 Cir., 117 F. 82.

For the foregoing reasons, it is the opinion of the court that the government is entitled to a permanent injunction against the defendants Village of Little Chute and Paul Kostka, its President, as prayed for in the complaint and that the action should be dismissed as against Outagamie County and Alvin Fulcer, its Chairman.

The government will prepare requested findings of fact and conclusions of law and proposed judgment in conformity with this decision, and submit them to counsel for the other parties for approval as to form only.