**UNITED STATES, Plaintiff-Appellee,**

v.

**VILLAGE OF LITTLE CHUTE, WIS-CONSIN and Paul Kostka, President of the Village, Defendants-Appellants.**

**No. 11966.**

United States Court of Appeals
Seventh Circuit.

Sept. 24, 1957.

Urban P. Van Susteren, Appleton, Wis., Van Susteren & Bollenbeck, Appleton, Wis., for appellants.

Perry W. Morton, Asst. Atty. Gen., George S. Swarth, Atty., Lands Division, U. S. Dept. of Justice, Washington, D. C., Edward G. Minor, U. S. Atty., Milwaukee, Wis., William J. Haese, Asst U. S. Atty., Milwaukee, Wis., Roger P. Marquis, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before MAJOR, LINDLEY and HASTINGS, Circuit Judges.

HASTINGS, Circuit Judge.

This action was brought by the United States to enjoin obstruction of navigation in a canal on the Fox river in Wisconsin. The court dismissed the action as to two defendants and enjoined the remaining two, Village of Little Chute, Wisconsin, and Paul Kostka, President of the Village, appellants here. They appeal from that judgment, asserting errors in the statement of conclusions of law, in failure to find certain facts, and in exclusion of certain evidence.

The canal here involved is a navigable waterway of the United States, built to carry traffic around obstruction in the Fox river. It passes through what is now the Village of Little Chute, Wisconsin. It is a part of a comprehensive project to establish an improved navigation route along and between the Fox and Wisconsin rivers, and was authorized by Congress before Wisconsin entered the Union, with the requirement that it remain forever a free public highway for the United States. Subsequently, the first legislature of Wisconsin accepted these terms and prescribed how the project should be carried out. Work on the canal was begun in 1851 and completed in 1856. Ownership of the canal passed through various hands and in 1872 the United States acquired title by proper conveyance and ever since has owned the same.

In 1887, some 31 years after the completion of the canal, Outagamie County and the Town of Kaukauna built a drawbridge over the canal at the present site, and replaced it in 1896. The Village of Little Chute was incorporated in 1899, after which it maintained the road across the bridge, which the Town of Kaukauna had heretofore maintained. In 1921, the Outagamie County Board designated the road a county trunk highway and in 1925 made this bridge part of the county trunk system. In 1928, Outagamie County applied for and received permission of the War Department to replace the bridge then existing, after which it built the present structure which it maintained until 1955. About July 1, 1955, Outagamie County relocated this trunk highway over a new bridge built upstream from the site of the drawbridge over the canal and the old river bridge. The county, on July 1, 1955, having no further use for them, removed the old river bridge and raised the drawbridge in question and barricaded its approaches. On July 8, 1955, the Village of Little Chute, finding it necessary to use the drawbridge to get onto the artificial island created by the canal on which were located the village dumping ground and sewage disposal plant, removed the barricades and lowered the draw. It refused thereafter to illuminate the bridge at night or to raise the draw. Canal traffic was obstructed thereby. The village admits that such action was an obstruction to navigation.

It is conceded that the United States has never operated or maintained a drawbridge at the site of the present drawbridge and that prior to July 8, 1955, the Village of Little Chute had never done the same.

In March, 1926, the Village of Little Chute began an action in the United States District Court for the Eastern District of Wisconsin (Civil No. 1814) against the Secretary of War, the Attorney General of the United States, the United States Attorney and Outagamie County, to enoin the Secretary of War from putting the bridge out of commission, to enjoin the Attorney General and the United States Attorney from prosecuting the village for noncompliance with a "Notice to Alter", (the War Department had issued an order demanding that the village raise the grade or level of the drawbridge), and for a declaration of the county's obligations to the United States with respect to the bridge. The federal defendants filed an answer counterclaiming against the village to require it to alter the bridge and, alternatively, cross-complaining against the county for the same purpose. After a trial, the court held Outagamie County not to be a necessary party, and dismissed the

complaint against it without prejudice. It found that "at the time of commencement of this action, the burden of maintaining such bridge did not rest upon the Village of *Little Chute*," and enjoined prosecution of criminal proceedings against the village. It did not enjoin the Secretary of War from putting the bridge out of commission. No appeal was taken from this decree. However, in 1928, as previously pointed out, Outagamie County applied for and received permission of the War Department to replace the bridge then existing, after which it built the present bridge, which it maintained until 1955.

On July 19, 1955, the United States began the present action to enjoin the appellants from so maintaining the drawbridge as to obstruct navigation in the canal. The court issued a restraining order and, after hearing, a preliminary injunction. United States v. Outagamie County, D.C.E.D.Wis.1955, 132 F.Supp. 481. Upon the issuance of the temporary injunction, the village assumed the burden of operating the drawbridge and has continued to do so.

In the trial of the case on its merits, the appellants contended (1) that the road which passed over the drawbridge had antedated the canal, (2) that the United States as the owner of the canal was responsible for operation of the bridge, and (3) that the 1926 judgment against the Attorney General and the United States Attorney was *res judicata* against the United States. In support of these defenses they were allowed to introduce in evidence the entire record of the 1926 case. They sought to supplement that record, through parol evidence, to show what the court said in open court on questions not adjudicated in the 1926 judgment. The court sustained an objection to this line of inquiry. On the question of the road antedating the canal, the defendants offered in evidence excerpts from three published works, "History of Outagamie County," "The Land of the Fox" and the "Centennial Year Book" of the 1936 St. John High School senior class. The excerpts contain miscellaneous information about early settlements in the area, and appellants concede that it is not "direct or substantial" but that "it furnishes excellent background evidence." The court excluded this as incompetent, immaterial and hearsay.

The court found that the canal is a navigable waterway, that the village lowered the bridge for its own purposes and refused to light it at night or to open it on request, thereby obstructing navigation. It concluded that the appellants' acts threatened public safety and caused irreparable damage to the United States, for which it had no adequate remedy at law. It permanently enjoined the village and the Village President from obstructing the canal and failing to raise the bridge on signal, and from lowering it at night without lights. United States v. Outagamie County, Wisconsin, D.C.E.D.Wis.1956, 143 F.Supp. 932, 933, 935.

The contested issues were (1) whether the 1926 judgment is *res judicata*, (2) whether the canal severed an existing public road, and, if so, whether that fact obligates the United States to provide and maintain a suitable bridge, (3) whether the trial court erred in excluding parol evidence offered for the purpose of enlarging the record of the 1926 judgment, and (4) whether the trial court erred in excluding certain so-called historical writings as background evidence on the question of whether the digging of the canal severed an existing highway.

The contention of appellants that the judgment entered in 1926 is *res judicata* of the present issue and binds the United States is unsound. The parties were not the same. The United States was not a party to the 1926 suit and could not have been. The federal defendants in that case were the Secretary of War, the Attorney General and the United States Attorney. It is a fundamental principle that the government cannot be sued except by its own consent. Carr v. United States, 1878, 98 U.S. 433, 437, 25 L.Ed. 209. The

reason for the rule is plain. The United States cannot be sued except when Congress has so provided. Dalehite v. United States, 1953, 346 U.S. 15, 30, 73 S.Ct. 956, 97 L.Ed. 1427; Feres v. United States, 1950, 340 U.S. 135, 139, 71 S.Ct. 153, 95 L.Ed. 152; Ickes v. Fox, 1937, 300 U.S. 82, 96, 57 S.Ct. 412, 81 L.Ed. 525. No officer has authority to waive that immunity in the absence of express provision by Congress. United States v. New York Rayon Importing Co., 1947, 329 U.S. 654, 660, 67 S.Ct. 601, 91 L.Ed. 577. Except when consented to by Congress, judgments in suits against federal officers are not *res judicata* against the United States. Land v. Dollar, 1947, 330 U.S. 731, 736–737, 67 S.Ct. 1009, 91 L.Ed. 1209; Bankers Pocahontas Coal Co. v. Burnet, 1932, 287 U.S. 308, 312, 53 S.Ct. 150, 77 L.Ed. 325; United States v. Lee, 1882, 106 U.S. 196, 222, 1 S.Ct. 240, 27 L.Ed. 171. In certain instances Congress has established a procedure for suing an official as representative of the United States, but we do not have that situation before us here.

■ The issues in the 1926 case were not the same as in the instant hearing. In the prior action the injunction issued was only against prosecution of the village, and in this proceeding the only issue is whether the appellant village has an affirmative right to obstruct navigation in the canal.

■ Appellants press vigorously the contention that the road antedated the canal and urge that the trial court erred in not so finding. The court below made no formal finding as to the road, but in its opinion said,

"The court finds that the Village has not met its burden of proof in this action in establishing that a public highway existed across what is now the canal at the location of the bridge prior to the digging of the canal."

We hold that there was substantial evidence to support the trial court on this proposition.

■ However, it is our view that the question of whether the road antedated the canal is not decisive or important here. The parties have stipulated that the canal is a navigable waterway of the United States. The appellants admit their actions resulted in obstruction of navigation. The issue here is whether the appellants have a legal right to obstruct traffic in such a public waterway. No authority has been cited showing that pre-existence of a road would give them that right. On the contrary, Congress has prohibited such obstruction by appropriate legislation. Act of March 3, 1899, Sec. 9, 30 Stat. 1151, 33 U.S.C.A. § 401; Act of March 23, 1906, Sec. 1, 34 Stat. 84, 33 U.S.C.A. § 491; Act of March 23, 1906, Sec. 4, 34 Stat. 85, 33 U.S.C.A. § 494; Act of August 18, 1894, Sec. 5, 28 Stat. 362, 33 U.S.C.A. § 499; 33 C.F.R. 209.310.

Since we hold that the 1926 judgment was not *res judicata* against the United States, and that the question of pre-existence of the road is not determinative of the issue in this case, the remaining questions relating to the trial court's rulings on evidence need not be further considered.

Much has been said in this case about whose duty it is to operate and maintain the drawbridge, and about the remedy of claiming compensation against the United States for the taking of a property right. Neither of these issues is before this court.

Stated in its simplest terms, this is the case where the appellant village took over the control of the drawbridge in question for the first time on July 8, 1955 (just 7 days after it was closed by the county), and immediately proceeded to use it to obstruct traffic on a public navigable waterway of the United States. This it clearly had no legal right to do. The injunction was properly issued.

The judgment is

Affirmed.