**UNITED STATES of America, Plaintiff,**

v.

**Harold Wesley ZAGER and Carol Jean Zager, Defendants.**

No. 67–C–384.

United States District Court
E. D. Wisconsin.

Feb. 6, 1968.

James B. Brennan, U. S. Atty., by Roch Carter, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Robert J. Kay, Madison, Wis., for defendants.

## DECISION ON MOTION AND ORDER

REYNOLDS, District Judge.

This is a civil action brought by the United States of America against Harold Wesley Zager and Carol Jean Zager to quiet title to certain tracts of land allegedly owned by the United States. The United States also demands injunctive relief against the Zagers to keep them "from in any manner interfering with the use and administration of the property described * * *."

The defendants, acting pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, have moved to dismiss the complaint for failure to state a claim on which relief can be granted.

The grounds for this motion is an order entered by this court on October 25, 1966, in Case No. 65–C–171 entitled "Harold Wesley Zager, and Carol Jean Zager, Husband and wife v. Stewart Udall, Secretary of the Interior, and the State of Wisconsin." That order grant-ed the plaintiffs, who are defendants in the above-captioned case, a default judgment *as against Stewart Udall,* Secretary of the Interior. The order in relevant part reads as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED, That the plaintiffs have record title to the aforementioned property more fully described as follows:

"Government Lot Four (4), in Section Seven (7), Township Thirty-eight (38) North, of Range Twelve (12) East of the Fourth Principal Meridian, and also that portion of Lot 4 which is presently designated as portions of Lot Six (6) and Nine (9), which lies West of the eastern boundary line of Lot 4 as extended North from the meander line, as shown on the original survey approved December 20, 1859, to the actual shoreline of Lake Julia, excluding Lots Seven (7) and Eight (8), lying within the described area.

which title is not affected by the aforementioned resurvey and that the defendant, Stewart Udall, or anyone claiming under him or through him has no right, title or interest in or to said property by virtue of said resurvey, and that said defendant, his agents and officials, and all persons claiming under or through him be and they hereby are restrained from interfering with plaintiffs' quiet and peaceful enjoyment of said property."

It is noteworthy and indeed determinative that the judgment in that case *did not* run expressly against the United States of America but only against Stewart Udall, the Secretary of the Interior. As a matter of fact, the United States originally was named as a defendant in Zager v. Udall, Case No. 65–C–171. However, the United States moved to dismiss the complaint as against it on grounds of sovereign immunity, and this motion to dismiss was granted, effectively removing the United States as a party to that suit. Zager v. Udall, 256 F.Supp. 396 (E.D.Wis.1966). Thus, the central question is whether a judgment

running against the Secretary of the Interior is a bar to this action by the United States in its own name.

█ It seems clear to this court that under prevailing law the default judgment in Case No. 65–C–171 against Secretary Udall is not *res judicata* against the United States and that it does *not* bar the United States from bringing this action.

The dispositive law for this circuit seems to have been laid down in United States v. Village of Little Chute, Wis., 248 F.2d 228 (7th Cir. 1957), affirming a decision of Judge Grubb of this court. In that case the United States sought to enjoin the defendants from obstructing a navigable waterway of the United States. One of the defendants, the Village of Little Chute, argued that the judgment in an earlier case was *res judicata* against the United States. This judgment was rendered in a suit by the Village against the Secretary of War, the Attorney General of the United States, and the United States Attorney.

Of the Village's contention, which appears to be identical to that raised by defendants here, the United States Court of Appeals for the Seventh Circuit, in an opinion by the present Chief Judge Hastings, said:

"The contention of appellants that the judgment entered in 1926 is *res judicata* of the present issue and binds the United States is unsound. The parties were not the same. The United States was not a party to the 1926 suit and could not have been. The federal defendants in that case were the Secretary of War, the Attorney General and the United States Attorney. It is a fundamental principle that the government cannot be sued except by its own consent. * * * The reason for the rule is plain. The United States cannot be sued except when Congress has so provided. * * * No *officer* has authority to waive that immunity in the absence of express provision by Congress. * * * Except when consented to by Congress, *judgments in suits against federal of-*

*ficers are not res judicata against the United States. * * *"* (Emphasis added.) Id. at pp. 230–231.

█ So too in this court, the rule is that "judgments in suits against federal officers are not *res judicata* against United States." Compelled as I am to follow the law laid down by the highest court in this circuit, it is clear that the motion of the defendants to dismiss this action for failure to state a claim on which relief can be granted must be and it hereby is denied.

It is so ordered.