## LINTON v. CROSBY, EXECUTOR.

1. **Estates of Decedents:** WIDOW'S SHARE OF PERSONALTY: TEMPO-RARY ORDER FOR PART OF: INTEREST ON. Where the estate was yet unsettled, and it was not certain what the widow's distributive share of the personalty, after paying debts, would be, it was proper for the court to order to be paid to her a sum less than her share would probably amount to on final settlement, and to defer the question of interest on her share until such final settlement. Of such order the widow could not complain.

61 | 401
87 | 191

2. ——: ——: NOT AFFECTED BY WILL. The doctrine of *Ward v. Wolf,* 56 Iowa, 465, that the widow's distributive share of the personal property of her deceased husband, as provided by section 2436 of the Code, cannot be affected by his will, adhered to in this case. ·

3. **Former Adjudication**: BINDING ONLY AS TO ISSUES DECIDED: PRESUMPTION IN FAVOR OF COURT. Where there were three defenses to an action, two of which were good in law, and one was bad, and the court decided for the defendant, but the particular ground of the decision does not appear, it will not be presumed that the decision was based upon the bad defense, and in another action between the same parties the issue raised by the bad defense will not be regarded as adjudicated against the plaintiff.

4. **Estoppel**: FACTS NOT CONSTITUTING. Where a widow, ignorant of her right to a share of the personal property of her deceased husband, stands by and makes no objection to the distributing of a part of the property to legatees, she is not thereby estopped from afterwards asserting her right to her distributive share.

*Appeal from Clayton Circuit Court.*

SATURDAY, JUNE 16.

THE plaintiff, Mary Ann Linton, as widow of the defendant's testate, applied for an order of probate directing the defendant, as executor, to pay her her distributive share in the personalty belonging to the estate. Upon hearing, the court made an order that the defendant pay the plaintiff the sum of $500 as part of her distributive share of the personalty, expressly providing that the order was not to be regarded as fixing the amount of her distributive share, and was not to prejudice a future application for any balance that might be found due. Both parties appeal, the defendant perfecting his appeal first.

*J. O. Crosby* and *L. O. Hatch*, for appellant.

*Murdock & Larkin*, for appellee.

ADAMS, J.—I. We do not understand the defendant as contending that the court erred in respect to the amount which he was ordered to pay the plaintiff, provided she is entitled to anything. The only question in respect to the amount (provided the plaintiff is entitled to anything), appears to be raised by the plaintiff. She contends that the court, instead of remitting her to a future application for whatever

1. ESTATES of decedents: widow's share of personalty; temporary order for part of: interest on.

balance may be due, should have proceeded to ascertain what her full share is, and should have ordered its payment; or, if her full share cannot be ascertained in this proceeding, should at least have ordered the payment of a much larger sum than $500.

But in our opinion there is nothing in the order made of which the plaintiff can properly complain. The precise amount to which the plantiff is entitled, if anything, cannot be ascertained until completed administration and final settlement of the executor's accounts. It can hardly be said, indeed, to be entirely certain that the personal estate will not be wholly exhausted in the payment of debts and the expenses of administration. This, it is true, seems highly improbable. The year allowed for filing claims has long since expired, and they amount to much less than the personal estate; but it is not certain that other claims may not be made against the estate under circumstances which will entitle the claimants to equitable relief. In refusing, therefore, to order the payment of more than $500, we think that the court did not err.

II. The plaintiff in her petition prayed for an allowance of six per cent interest. The court made no order in respect to interest, and the plaintiff assigns its failure to do so as error. The order made was doubtless based upon the theory that the defendant could safely pay $500 irrespective of the question of interest. In this we think that there was nothing of which the plaintiff can properly complain. If she is entitled to interest upon her distributive share, it will not be lost to her by reason of the order, but will enhance her balance. There was, indeed, no ground for computing interest on the $500, under the circumstances under which it was allowed. And it could not be computed on the balance, because that was unknown. The question, then, as to whether the plaintiff was entitled to interest was in some sense an abstract one, and was properly reserved, we think, to be determined when a computation of interest, if any, was to be made.

III.   The plaintiff in her petition prayed that the defend-
ant be ordered to file a full report of the condition of the es-
tate within thirty days.   The court made no order in that
respect, and the plaintiff assigns the failure to do so as error.

It is not shown to our satisfaction that the defendant had
not at that time filed all the reports which could properly be
required of him under the circumstances.

.IV.   We come, next, to consider the questions presented
by the defendant's appeal.   He insists that the court·erred
2. ——: ——: in ordering that the plaintiff should be paid any-
not affected
by will.    thing.   The testator made a complete disposition
of his personal property by his will, and the defendant's
position is that, such being the fact, nothing was left for the
plaintiff as·distributee, and that, too, though she never con-
sented to the will.   He concedes that the question presented
was ruled adversely to him in *Ward v. Wolf*, 56 Iowa, 465,
but he asks us to reconsider and overrule the decision made
in that case.   He supports his position by a well considered
and forcible argument, but we have to say that it is not suffi-
cient to satisfy us that the decision of which he complains
should be overruled.   The decision has stood for nearly two
years, and during that time has been acted upon as a rule of
property.   If the rule ought to be changed, which is by no
means certain, the change should be made by.statute, in or-
der that no rights should be affected except those which
should thereafter accrue.   .

V.   The defendant pleads two prior adjudications.   One
of the alleged adjudications was in·an action brought by the
3. FORMER ad- plaintiff to obtain possession of certain personal
judication:
binding only   property, which she claimed should be set apart
as to issues
decided: pre-  to her as property which was exempt in the
sumption in
favor of court. hands of her husband as head of a family, relying
upon Code, section 2371.   The other alleged adjudication.
was upon an application for an allowance for temporary sup-
port, under Code, section 2375.  .The defendant contends
that in both of these cases the question as to the plaintiff's

right to a distributive share was necessarily drawn in issue, and, the adjudications being against her, she cannot now bo allowed to put the question of her right to a distributive share in issue again.

But, in our opinion, such question was not so drawn in issue as to justify us in holding that there was an adjudication upon it. Possibly, if the defendant had set up, as the sole reason why the plaintiff was not entitled to the property claimed to be exempt, and not entitled to the allowance for temporary support, that the testator had disposed of all his personal property by will, and the court had held against the plaintiff upon such issue, however erroneously, she would not only be concluded in respect to the precise property which she was seeking to obtain, but it might follow, as a necessary incident, that the will, which, according to this ruling, had the effect to divest her of such property, had also the effect to divest her of her distributive share. But the defendant set up other defenses, as that the property claimed to be exempt was not exempt, because the testator was not the head of a family; and that the allowance should be denied her, because it was not necessary, as the plaintiff had abundant property of her own. These defenses, if established, were good. The defense of the will was not good. Code, section 2322; *Davis' Case*, 36 Iowa, 30. We will not, for the purpose of finding a prior adjudication, presume that the court made an erroneous ruling, in the absence of all evidence tending to show that it did. We think that the plea of prior adjudication is not sustained.

VI. The defendant contends that the plaintiff has precluded herself from recovery by her own laches. His claim, if

4. ESTOPPEL: facts not constituting. if we understand it, is that she stood by and saw him use nearly all the personal property in paying legacies, and by her conduct led him to suppose that she would not claim her distributive share. It is insisted that, until the decision in *Ward v. Wolf*, she did not suppose that she was entitled to a distributive share, and governed her-

self, and allowed the defendant to govern himself, in accordance with such supposition.

It seems not improbable that she was ignorant of her rights, but we see nothing in her conduct which we think should estop her. On both appeals, we think that the order of the circuit court must be

AFFIRMED.