ORLANDO GRIFFITH v. FIELDS & BRYANT, Appellants.

**Principal and Agent:** AUTHORITY. An agent of sellers of fruit trees employed by them in delivering trees, "making settlements with the purchasers" and taking notes therefor has authority at the time of taking a note for the purchase price of trees to enter into an agreement with the purchaser that his principal shall plant the trees and care for the same for four years, replacing all that die within that time, although the order for the trees stated that the entire contract was printed therein and that all trees failing to grow "the first year" were to be replaced free of charge. Such an agreement is merely a completion or the original contract.

**Judgment:** RES ADJUDICATA. A judgment against the maker or a note given for the purchase price of fruit trees, in an action by an assignee of a note in which the defense that such an assignee was not an innocent holder is set up as well as a claim that the seller of the trees to whom the note was made payable broke his agreement to set the trees, care for them for four years and replace all that die during such time, is not conclusive in a subsequent action by the purchaser against the seller for breach of such contract.

**Contracts:** CONSIDERATION. An agreement which is merely a completion of a former contract may be supported by the same consideration.

*Appeal from Taylor District Court.*—HON. H. M. TOWNER, Judge.

THURSDAY, MAY 12, 1898.

ACTION for damages for a breach of contract to furnish, set, and care for trees. The cause was submitted to the court without a jury, who gave judgment for the plaintiff, and the defendant appealed.—*Affirmed.*

*Jackson & Miller* for appellant.

*Crum & Haddock* for appellee.

GRANGER, J.—I.    In May and June, 1894, the plaintiff gave two orders to defendant for trees to be delivered in the fall of that year. The orders were silent as to who should set out and care for the trees, but they were to be paid for on delivery, the amount of the orders being two hundred dollars. The orders were taken by one Gudgel and one Hoy, who was also an agent for defendant to deliver trees and make settlements with purchasers. The facts are mainly stipulated, and by a stipulation it is made to appear that when the orders were taken, in May and June, 1894, the agreement was that the trees were to be set out, pruned, and cared for by the defendant for four years, and all trees that failed to grow were to be replaced. In substance, the agreement was that defendant was to make plaintiff an orchard, and the two hundred dollars was regarded as compensation therefor, being more than the value of the trees without such work. When the trees were delivered, plaintiff refused to give his note until they gave him a contract to care for the trees as had been agreed upon. The agent, Hoy, then gave to plaintiff the contract on which this suit is brought, as follows: "We agree to oversee planting of trees, and trim and prune and care for four years. Replace all that die for four years. Fields & Bryant, per Hoy." Upon the delivery of the agreement, plaintiff gave his note for one hundred and ninety dollars, the other ten dollars having been paid by securing another customer for defendant; and the note was transferred to one Fogarty, who brought suit thereon, and recovered judgment for the amount of it. Plaintiff then instituted this

suit on the written contract to set out and care for the trees, claiming a breach thereof, and asking damages. Some defenses were pleaded that will be noticed.

II. The following is a provision of the orders given for the trees: "It is agreed that the entire contract is printed and written hereon, and that no verbal agreement or alteration in the printed matter of this contract is binding, and I agree not to countermand this order; all trees that fail to grow the first year to be replaced free of charge." It is now urged that Hoy had no authority to execute the agreement sued on, to conform to the original understanding. Considerable space is devoted to stating the rule as to persons dealing with agents, and that they must take notice of the agent's authority, and on whom rests the burden of proof that we think need not be considered. A part of the facts in this case are stipulated, and among them is one as to the agency of Hoy, as follows: "It is also agreed that Hoy, the party representing the defendants in making the written contract for defendants, was an agent of defendants, employed by them in delivering trees and in making settlements with the purchasers of trees, and taking notes therefor." Counsel are not agreed as to what is meant by the words "making settlements with purchasers of trees." If these words were omitted, it seems to us the authority of Hoy would be just what appellant thinks it is. He would then have the right to deliver trees and take notes for them; that is, adjust the amounts due under the contract, and take notes therefor. It is true that such adjustments are settlements in a proper sense; but we think the term "settlement" authorized Hoy to do the things necessary to entitle the defendant to a note for the trees delivered in accordance with the original contract. It is practically stipulated that the facts were, at the inception of the contract, as plaintiff states them, and that they were not expressed in the written

orders. It would be an exceedingly arbitrary and unjust rule that would construe the authority to Hoy, as to settlement, in a way that he could not correct a conceded omission; that is, not to make a new contract, but complete the one already made, so that its terms should be in writing, as they should have been at first. This construction must be in harmony with the intention of the defendant firm, in its authority to Hoy, if it was honest; and, if dishonest, it is entitled to little consideration. We are not in doubt that the contract on which suit is brought was made by authority.

This conclusion is decisive of another question argued,—that the contract executed by Hoy is without consideration. If but the completion of a former contract, it has the original consideration for its support.

III. The note given for the trees was sold to one Fogarty, who brought suit thereon against plaintiff, and in that suit plaintiff pleaded that Fogarty was not an innocent holder of the note, and the issues were such that the court instructed the jury that if Fogarty was not an innocent holder of the note, and damages were sustained by the plaintiff, it might offset the same from the amount of the note. In that case there was a verdict and judgment for Fogarty for the full amount of the note. In that case Fields & Bryant was notified of the defense to the note by Griffith, and the firm appeared and aided Fogarty in resisting Griffith's claim. It is now urged that because of the proceedings in that case, the question involved in this is *res judicata*. The general rules as to estoppel by judgment are quite well and definitely settled. In a case like this the rule is stated in *Goodenow v. Litchfield*, 59 Iowa, 226; as follows: "The rule, as appears to be well stated by all the authorities, is that, where a former judgment or decree is

relied upon as a bar to an action, it must appear either by the record or by extrinsic evidence that the particular matter in controversy, and sought to be concluded, was necessarily tried and determined in the former action." The case cites *Packet Co. v. Sickles*, 5 Wall. 580, and *Miles v. Caldwell*, 2 Wall. 35. See, also, *Lindley v. Snell*, 80 Iowa, 103. We think there is no doubt that the same facts were at issue in the two cases, but instead of it appearing in the other case that the issue as to the breach of contract was determined, it seems quite clear that it was not. The burden is with the defendant in this case to make it appear that the issue was determined. See authorities above cited. Before such an issue would become material in the other case, it must appear that Fogarty was not an innocent holder of the note. If an innocent holder, his right of recovery would not be subject to the damages pleaded. It appears that he did recover the amount of the note. There is nothing to indicate that such recovery was on any ground other than as an innocent holder of the note. Without question there were two issues presented in that case. The most that could be said in appellant's favor is that it does not appear on which issue the result was reached. Considering such a state of facts, it is said in *Russell v. Place*, 94 U. S. 606: "If there be uncertainty on this head in the record,—as, for example, if it appears that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was litigated, and upon which the judgment was rendered,—the whole subject-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined." The same language is quoted in *Lindley v. Snell, supra*. The rule is conclusive against appellant's contention in this case. The judgment is AFFIRMED.