L. MATSON v. FRED PONCIN, FRANK ROSS, WRIGHT COUNTY, C. L. GADE, JOHN P. STATE, M. A. MICHELSON, E. B. ROBLIN, and S. Y. EGGERT, Appellants.

**Boundaries:** PRIOR ADJUDICATION. A judgment to be available as 1 an estoppel must have decided the particular matter involved in the later suit; it is not sufficient that the same question may have been determined. Thus where the issues in a prior boundary line suit were whether a fence had been built on the true line between the tracts, and whether such line had been acquiesced in for the statutory period, and the order dismissing the petition, but failing to show on which ground it was based, could have been sustained, either on the ground that the fence was not shown to have been built on the true line or that acquiescence was not proved, the judgment was not conclusive that the true line was that marked by the fence.

**Adverse possession:** OCCUPANCY. Mere occupation up to a certain 2 line, which has not continued for the statutory period of limitation, will not sustain a claim of title by adverse possession.

**Boundaries:** EVIDENCE. Although not pleaded evidence that a desig- 3 nated boundary line was the line established by the government surveyors is admissible to controvert the contention that it was located at another point.

**Prior adjudication.** Matters not pleaded and not necessarily deter- 4 mined by the judgment can not be said to be in issue, so that the judgment will operate as an adjudication.

**Same.** Where the court might properly have dismissed an action because of insufficiency of the evidence, and this was the only question submitted for determination, and there was no showing that the judgment was based on some other ground, it will be presumed that no other question was determined by the judgment. This holding does not conflict with the rule that where there are several defenses no presumption arises as to which prevailed, but rather that the record, in connection with the evidence, discloses the ground of the decision.

Weaver, J., dissenting.

*Appeal from Wright District Court.*—HON. CHAS. E. ALBROOK, Judge.

THURSDAY, OCTOBER 26, 1911.

APPEAL from a decree establishing certain lines and corners. *Affirmed.*

*J. H. Scales,* for appellant.

*Nagle & Nagle, Birdsall & Birdsall, Peterson & Knapp* and *J. W. Lee,* for appellees.

LADD, J.—The plaintiff, as owner of the W. ½ S. W. ¼ of section 1, alleged the ownership by defendants of lands along the lines between sections 1, 2, 3, 11, 12, 13, and 14, in the same township, and prayed that these lines and corners be established. It appeared that Frank Ross owned the E. ½, section 11, and the defendant S. Y. Eggert the N. E. ¼, section 14. In his answer Eggert pleaded in bar a decree of court, entered October 19, 1906, in a cause wherein Ross was plaintiff and one Hagenstein, a tenant of Eggert, was defendant, and alleged that in entering said decree the court fixed and determined the boundary between his land and that of Ross. Whether there was such a determination in that suit is the main inquiry presented on this appeal. In that action Ross

alleged that he was constructing a fence along the south line of his land, whereupon Hagenstein, who was insolvent, maliciously entered on said premises and removed the fence, and the prayer was that the latter be enjoined from interfering further. In his answer Hagenstein admitted having removed the fence, denied all other allegations, and pleaded long acquiescence in a line as boundary between the respective tracts of land, marked by an old fence about fifty feet north of where Ross was attempting to place his fence, alleged that he was occupying the premises as tenant of Eggert, and prayed that the writ of injunction be dissolved, the petition dismissed, and such further relief as appeared just and equitable. In reply, Ross alleged that Eggert acquired title to his tract of land through one Pratt, and that said old fence had been constructed by a prior grantor, who then owned the land on both sides of it; that it extended only a part of the way in an irregular course, was not located with respect to the line, was never recognized by the prior owners as a line fence; that the land owned by Ross was unoccupied until he purchased it in 1895; that while Pratt owned the said land the county surveyor was called upon to establish the line between the respective tracts, which was done, and said Pratt orally agreed to join in the construction of the fence on the line as surveyed, but died before this was done; and that Eggert, with knowledge of these facts, acquiesced in the establishment of such line, and the defendant was now estopped to claim that the line so established is not the true line, or to claim that the old fence referred to was ever recognized or acquiesced in as being the division line between the two tracts. The pleadings are fully stated as best disclosing that two issues were involved in the former action; the one raised by the general denial, i. e., whether the fence was being erected on the true line between the respective tracts of land, and the other whether the line marked by the old fence had been established

by acquiescence for ten years or more. It should be noted that Hagenstein did not claim that the old fence was on the division line as established by the government survey, and that neither party asked that the true boundary be established. Upon hearing, the court made no entry, other than the dismissal of the petition.

Manifestly this may have been on either of two grounds: (1) Because of the failure of Ross to prove that the line where the fence was being erected was the true line; or (2), if the evidence was sufficient to show this, then the dismissal may have been on the ground that the line marked by the old fence was proven to have been established by acquiescence. On which ground the decision was planted does not appear from the face of the record, and that of itself on its face does no more than determine that the fence was not being erected on the true boundary, or on the land of Ross. Appellant contends, however, that the evidence was such that the court in reaching its conclusion necessarily must have found that the true boundary line was that marked by the old fence, and the burden of proof was on him so to prove, either by the record or by extrinsic evidence. *Goodenow v. Litchfield,* 59 Iowa, 226; *Pepper v. Donnelly,* 87 Ky. 261 (8 S. W. 441); *Zoeller v. Riley,* 100 N. Y. 102 (2 N. E. 388, 53 Am. Rep. 157); *Fowlkes v. State,* 14 Lea (Tenn.), 14; 24 Am. & Eng. Ency. Law (2d ed.), 834. To be available as an estoppel, the matter must necessarily have been decided; it will not be enough that it may have been. 2 *Smith's Leading Cases* (H. & W.'s Notes), 794. "The inference must be necessary and irresistible, excluding all doubt." Wells' Res Adjudicata, section 224; *Chamberlain v. Gaillard,* 26 Ala. 510. In short, it must appear that the particular matter was considered and passed on in the former suit, or the adjudication will not operate as a bar to a subsequent action.

The evidence adduced at the former trial was intro-

1. BOUNDARIES: prior adjudication.

duced for this purpose, and it disclosed (1) that the evidence was insufficient to show the true line was as contended by Ross; (2) that it was insufficient to support a finding that the boundary had been established by acquiescence; and (3) it tended strongly to indicate that the government line was where the old fence had been erected. Reverting to this evidence, Ross relied solely on a survey by an engineer who did not pretend to have made use of the government field notes, nor to have started from a point recognized as a government corner, or corner otherwise established. He accepted stones, said to have been placed by a former county surveyor, as indicating the true corners. Under what circumstances these were placed, or the former survey made, was not shown. Neither the record nor the report of the survey, if any there was, nor copy thereof, was introduced in evidence, nor was there any showing under section 538 of the Code, authorizing it to be treated as *prima facie* correct. No other evidence tending to prove such to be the true line was adduced. Manifestly it was insufficient, and the court might have dismissed the petition on this ground alone. Nor was the evidence such as that the court might have found the boundary to have been established by acquiescence. The old fence appears to have been located in 1874, some fifty feet farther north than the line as contended by Ross; but there was no evidence of occupancy or improvement of the land north of it until 1896, not to exceed nine years prior to the commencement of the action. Such being the record in the case of *Ross v. Hagenstein,* it ought not to be assumed, much less decided, that the district court in dismissing the petition found that the line marked by the fence constructed in 1874 had been established by acquiescence. *Miller v. Mills County,* 111 Iowa, 654, and like cases.

Possibly circumstances may be such as to justify the inference of acquiescence in a less time than ten years;

but where nothing is shown, save occupation up to the
fence or other monument marking the divi-

2. ADVERSE
POSSESSION:
occupancy.

sion, the courts quite generally hold that
such occupation, without objection, must have
continued for the period of the statute of
limitation, fixed as essential to sustain a claim of title by
adverse possession. For this reason this court in deciding
the cause on appeal did not refer to the plea of acqui-
escence, alluding to the other issue only as follows: "He
(Ross) relies upon recent *ex parte* surveys; while defend-
ant relies upon testimony showing the original monuments
as corroborated by the field notes. After a careful read-
ing of the testimony, we are constrained to agree with the
trial court in holding that the fence erected by plaintiff
is not upon the true line, that the recent survey is incor-
rect or inconclusive, and that, even if correct, it should
not prevail over well-established marks and monuments."
See *Ross v. Hagenstein,* 116 N. W. (Iowa) 1064. The
language quoted sufficiently disposes of the claim that this
was an adjudication of the grounds on which the district
court based its decision. It purports to do no more than
suggest the grounds on which the judgment of the trial
court might be approved, but does not independently deter-
mine any issue.

But the evidence also strongly tended to prove that
the line marked by the old fence was the line established
by the government survey. That it was such line had

3. BOUNDARIES:
evidence.

not been pleaded, but the evidence was ad-
missible as tending to controvert the conten-
tion of Ross that it was where he was constructing the
fence. The matter as to where the true line might be
would not seem to be involved in the issue, save as to
whether it was where Ross was erecting the fence, and
this evidence was merely incidental. The rule laid down
in the *Duchess of Kingston's* case, 20 Howell's State
Trials, 355, is that "neither the judgment of a concurrent

nor exclusive jurisdiction is evidence of any matter which came collaterally in question, though within their jurisdiction, nor of any matter incidentally cognizable, nor of any matter to be inferred by argument from the judgment," and has been followed since; but no little difficulty has been experienced in determining when a matter is directly, as distinguished from collaterally, in issue. In the early case of *Haight v. City of Keokuk,* 4 Iowa, 199, the court, speaking through Woodard, J., said: "In order to make the matter a bar, it must have been embraced in some of the pleadings, or in the issue in the former action. 2 Philip, Evidence, *ut sup.* 13 to 19; *Standish v. Parker,* 2 Pick. (Mass.) 20 (13 Am. Dec. 393). Thus any demand or claim embraced in the declaration, or any right or title set up in defense, in a plea, may become a bar; and parol evidence is sometimes admitted to show what was tried or submitted. But this is only to show that some particular item, demand, claim, or right, which would be covered by the declaration or plea of notice, was submitted or was not, as under a general count for money demands, or under a general submission to award, to show that certain demands or subjects were heard and submitted. But it is apprehended that no matter can be pleaded as *res adjudicata,* which was not covered by or embraced in the pleadings of the former suit. Matters which arise only incidentally in the evidence, however much they may influence the mind of the judge or jury in arriving at a conclusion, are not matters adjudicated." See *King v. Chase,* 15 N. H. 9 (41 Am. Dec. 675); *Huntley v. Holt,* 59 Conn. 102 (22 Atl. 34, 21 Am. St. Rep. 71); Van Vleet, Former Adjudication, section 4.

Without now considering whether the doctrine of *res adjudicata* should be narrowed to the issues shown by the pleadings, it is enough to say that a matter, not embraced in the pleadings, and which was not necessarily determined in entering judgment,

4. PRIOR ADJUDI-
CATION.

could not have been directly in issue. Van Vleet, Former Adjudication, page 60. See, also, *Stannard v. Hubbell,* 123 N. Y. 520 (25 N. E. 1084); *Cavanaugh v. Buehler,* 120 Pa. 441 (14 Atl. 391); *Doonan v. Glynn,* 28 W. Va. 715.

The court might properly have entered the dismissal on the ground that the evidence introduced by Ross failed to make out a case, and as this was the only issue upon

5. SAME.

which it was requested to speak by either party, and the evidence failed to show that the judgment was based on some other ground, it will be presumed that nothing else was determined. This in no manner conflicts with the rule which obtains in this state that where there are several defenses no presumption arises as to which prevailed, but is equivalent to saying that the record, in connection with the evidence, discloses the ground of the decision. *Linton v. Crosby,* 61 Iowa, 293; *id.,* 61 Iowa, 403. If the record be construed most favorably to plaintiff, there were three defenses, any one of which would have been sufficient, and the court in dismissing the suit failed to indicate on which the decision was based. All the defenses are not presumed to have been sustained. *Linton v. Crosby, supra;* Van Vleet, Former Adjudication, section 279, and, in the absence of any showing as to which defense prevailed, the dismissal can not avail as a plea of estoppel. *Griffith v. Fields,* 105 Iowa, 362; *Geary v. Bangs,* 138 Ill. 77 (27 N. E. 462); *Angir v. Ryan,* 63 Minn. 373 (65 N. W. 640); *Hearn v. Railway,* 67 N. H. 320 (29 Atl. 970); *Belleville, etc., Ry. v. Leathe,* 84 Fed. 103 (28 C. C. A. 279); 24 Am. & Eng. Ency. Law (2d ed.), 773. In such a case it is pure matter of conjecture as to what issue was determined. It is the essence of estoppel by judgment that it is certain that the precise fact was determined by the former judgment. *De Sollar v. Hanscome,* 158 U. S. 216 (15 Sup. Ct. 816, 39 L. Ed. 956); *Callaway v. Irvin,* 123 Ga. 344

(51 S. E. 477). For these reasons, the plea of former. adjudication can not be sustained. No more can be said to have been determined in the former action than that the fence was being erected on Eggert's land, and that for this reason Hagenstein had the right to tear it down. The correct boundary then must have been farther north; how far was not decided nor involved, save as controverting the allegations of the petition of Ross. The court did not establish it, and, as the boundary established in the present action was seven-tenths of a foot farther north, the plea of the former adjudication necessarily must fail, as the district court rightly decided.—*Affirmed.*

WEAVER, J. (dissenting).—I. Taking the statement of the issues in the former case as made in the majority opinion in this case as correct, it appears beyond reasonable doubt that the question there tried was not the simple inquiry whether the fence built by Ross was on the line of the original survey. Hagenstein planted his claims upon the proposition that the line was marked by a certain designated old fence, which he asserted had been maintained for years; while Ross upheld a certain designated line, which had been established by a recent survey, and was marked by the fence with which Hagenstein had interfered.

There was no suggestion or claim that by any possibility the true line was at any intermediate point. If Ross was right, he was entitled to hold up to the new fence; neither more nor less. If he was wrong, it was only because Hagenstein had succeeded in making good his claim that the old fence was the proper boundary, and the decision in favor of the latter was to all intents and purposes an adjudication that his contention had been established to the satisfaction of the court.

II. I especially deny that it is competent for this court, in disposing of the present appeal, to go back to the

record of the former case, and pass upon the sufficiency of the evidence to sustain the conclusion there reached. The majority in effect assume on this hearing to retry' that case, and say that the trial court could not have sustained Hagenstein's contention as to the location of the line, because, as we now read the ,evidence, we would not be disposed to so hold; and this we do while admitting that the "evidence tended strongly to indicate that the government line was where the old fence had been erected."

III.   I further disagree with the assumption that Hagenstein rested his claim to the old fence line solely upon his plea of ten years acquiescence.   It is true he made that plea.   He also denied generally the claim made by Ross, and under that denial it was entirely competent for him to prove, if he could, that the true line of the original survey was at the old fence,   This the majority opinion in effect concedes he did, and yet denies him the benefit of the fact so established, because, as we now view that record, he did not also establish his other plea of acquiescence.

As I view it, the subject matter of the controversy now before us is identical with that which the court passed upon and determined in the former case.   To say that having once fought out their conflicting claims as to the location of the line, and the question having been determined in defendant's favor, yet that judgment effectuates nothing, except to negative the claim of Ross to the particular mathematical line which he then asserted, and that all he has to do in order to regain standing in court and compel defendant to try the same matter over again is to retreat an inch or six inches, or a foot, from his former line of battle, and there renew the struggle, unembarrassed by plea of former adjudication, is indeed a lame and impotent conclusion.

The judgment below ought to be *reversed.*