CITIZENS STATE BANK OF PANORA, Appellee, v. EVA R. SNY-
DER et al., Appellants.

JUDGMENT:   Conclusiveness—Judgment in Forcible Detention as
Bar to Subsequent Action.   A judgment in forcible entry and
detainer that plaintiff was not entitled to possession of part of
the property embraced in a foreclosure decree because of want
of service on defendant in the foreclosure action, bars a subse-
quent action for the possession based on the same foreclosure
proceeding.

*Appeal from Guthrie District Court.*—W. H. FAHEY, Judge.

TUESDAY, APRIL 3, 1917.

REHEARING DENIED SATURDAY, SEPTEMBER 29, 1917.

THIS appeal involves whether the trial court erred in
refusing to hold that an earlier judgment estopped plaintiff
from maintaining a suit to recover possession of real es-
tate.—*Reversed.*

*Robbins & Smith,* for appellants.

*J. R. Mount* and *Brown & Batschelet,* for appellee.

SALINGER, J.—In a petition filed on
April 16, 1914, plaintiff asserts that it is the
absolute and unqualified owner in fee sim-
ple and entitled to the immediate posses-
sion of certain described real estate, and
charges that defendant wilfully and unlawfully withholds
the possession of same, and demands judgment for imme-
diate possession.   It bases this claim upon a sheriff's deed,
the culmination of the foreclosure of a mortgage.   Defend-
ants answer: First, that said foreclosure did not divest the
defendant Eva R. Snyder of her title, because no original
notice was served upon her; second, that plaintiff is estopped

to maintain its suit for the following reasons: After the execution of said sheriff's deed, plaintiff began an action before a justice of the peace, wherein it sought, by action of forcible entry and detainer, to dispossess defendant of part of the land involved both in said foreclosure and in the instant suit; that, in said forcible entry and detainer action, plaintiff based its right to possession upon that foreclosure; that said action was certified to the district court and there became an equity suit; and that therein the district court entered a judgment dismissing the plaintiff's claim. The trial court directed a verdict against the defendant. Its action cannot be sustained if this plea of estoppel is well made. The sole question we have is whether the judgment in the forcible entry and detainer action works the estoppel which defendant asserts.

The plaintiff tells us that, in the foreclosure suit, there was a finding that notice was duly served, and that such finding is conclusive. In other words, it asserts that the judgment in the foreclosure suit conclusively establishes that plaintiff obtained title by the sheriff's deed. We may assume, for the sake of argument, that this was so on the day the sheriff's deed was executed. But, as one judgment upon due notice is no more conclusive than another judgment upon like notice, it must follow that the last judgment entered controls, so far as collateral attack is concerned. Assume that, on the day the sheriff's deed was delivered, the foreclosure judgment had settled that it was on due notice, and that the deed conveyed title. But what if the later judgment in the forcible entry and detainer action determined that there was no notice in the foreclosure suit, and that plaintiff did not have title? Assume that this last is an erroneous decision, and still it is, at most, merely an erroneous judgment. The court had full jurisdiction in the action of forcible entry and detainer. Its action has not been appealed from or otherwise directly

attacked.  The attack on that judgment now made by plaintiff is collateral.  If the judgment entered in the forcible entry action determines that defendant still has title, it cannot avail plaintiff that the earlier judgment in foreclosure determined to the contrary.  Where two valid judgments conflict, the last controls.  Defendant relies on the second judgment.  As to whatever is decided by it, it controls here.  It remains but to be seen whether the judgment in the forcible entry case so deals with a matter involved in both it and the earlier foreclosure judgment as that the one in the forcible entry case estops the parties to relitigate title.  The only difference in the two suits is that, while plaintiff's claim of title is based upon the same thing in both actions, the first involved all of the land conveyed by the sheriff's deed, while the last involved but a part of the same land.  We have held that there is a distinction between an adjudication and an estoppel to relitigate things before litigated.  There is an adjudication in strictness when a suit is repeated.  But short of that, there may be an estoppel which defeats an action because some fact which is controlling in both actions was litigated and set at rest in the first action.  By way of illustration, it has been decided that, if it be claimed that two promissory notes were obtained by a fraud, and on that defense plaintiff fails of a recovery in a suit upon the first note, he cannot prevail in a suit upon the second one.  This has been held and elaborated so often as that we see no need to cite authority.

We are of opinion that the trial court should have held that the determination in the suit for forcible entry and detainer estops the plaintiff to assert in the present suit that defendant is unlawfully holding possession of the land in controversy in the present suit.  It follows that the trial court was in error, and its judgment is—*Reversed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.