Minnie Band, Appellee, v. Hannah Reinke, Appellant.

No. 45618.

June 17, 1941.

516

Uhlenhopp & Uhlenhopp, for appellee.

Leming & Hobson and Putnam, Putnam, Fillmore & Putnam, for appellant.

OLIVER, J.—This is an action at law by Minnie Band against Hannah Reinke for damages on account of injuries received by plaintiff, on April 14, 1938, in the overturning of an automobile driven by defendant and in which plaintiff was riding. Plaintiff, a sister of defendant, alleged she was in the employ of defendant as a domestic servant; that as a part of said service she was required to ride in said automobile at said time and that her injuries resulted from the negligence of defendant in operating the same. Plaintiff did not plead freedom from contributory negligence. Defendant's answer was, in substance, a general denial and an allegation that plaintiff was contributorily negligent to a substantial degree contributing to the cause of the accident. Defendant also pleaded that plaintiff was barred and estopped from maintaining said action by an adverse adjudication upon the merits in a former suit brought by plaintiff on account of said injuries received in said accident, against W. A. Reinke, as the owner of the automobile in question, in which former action the question of defendant's negligence and plaintiff's freedom from contributory negligence was adjudicated against the plaintiff. In the former case there was a general verdict for the defendant, and the judgment thereon was affirmed upon appeal. Band v. Reinke, 227 Iowa 458, 288 N. W. 629. That decision details more fully the circumstances of the accident. Perhaps it should be here noted that it was admitted the car was being operated with the consent of W. A. Reinke at the time in question.

Trial to a jury in the instant case resulted in verdict and judgment for plaintiff in the sum of $3,000 and defendant has appealed. The errors assigned relate (1) to the refusal of the court to sustain appellant's plea of res judicata, and (2) to instructions given the jury that the burden was upon the defendant to prove the contributory negligence of appellee and that, if proven, its effect would be only to mitigate damages. We will first consider the latter group of assigned errors.

I. Section 11210 Code of Iowa 1939 provides as follows:

"Contributory negligence—burden—special exception—mitigation. In all actions brought in the courts of this state to recover damages caused by the negligence of the defendant, the burden of proving contributory negligence shall rest upon the defendant. This section shall only apply to actions brought by an employee against his or her employer, or by a passenger against a common carrier, and in such cases contributory negligence may be pleaded in mitigation of damages."

Under the instructions of the court in this case the jury, as a prerequisite to further consideration of the case, was first required to find, and necessarily did find, that appellee had established she was in the employ of appellant as a household servant and that her injuries were received in the course of said employment. Following this were instructions relative to appellant's plea that appellee was guilty of contributory negligence, which instructions accorded with the provisions of Code section 11210.

One complaint at this point is that said statute is applicable only to cases involving injuries received by an employee as a result of negligence of the employer arising from a violation of a special duty owed the employee because of the relationship existing at the time of the injury and that the statute is not applicable to negligence cases generally. Appellant also asserts the statute is here inapplicable because the negligence charged in this case was based upon defendant's alleged violation of her common-law duty to exercise ordinary care in operating said automobile rather than the special duty imposed by statute in employee-employer cases.

We think the statute includes cases of this nature. It does not set up new standards of care required to be exercised by employers toward employees. Its effect is to enlarge the right to recover by changing the burden of proof and effect of proof of contributory negligence of employees in actions against their employers for damages caused by the employer's negligence. The negligence of the employer referred to in the statute is not limited to acts or omissions of any particular character. The test is whether the negligence causing the damages grows out of the employer-employee relationship. No holdings to the contrary have been called to our attention.

Appellee was not required to specifically plead the provisions of the statute to bring the case within its purview. It was essential only that the pleadings aver (and the proof establish) facts sufficient to render the statute applicable. Such factual matters having been averred the applicability of the statute thereto was merely a conclusion which it was unnecessary to plead. Nor did appellee's failure to plead freedom from contributory negligence constitute a defect. In cases to which the statute is pertinent a plaintiff need not plead freedom from contributory negligence and a defendant may plead and prove contributory negligence only in mitigation of damages. Morse v. Century Cab Co., 230 Iowa 443, 297 N. W. 877; Oestereich v. Leslie, 212 Iowa 105, 113, 234 N. W. 229, 233.

II. The main errors assigned relate to the question of res judicata. Appellant contends the previous judgment against appellee in the suit brought by appellee against the owner of the automobile is a bar to this action against the operator. Assuming such result might follow in a proper case it is essential thereto that the question in issue in the second suit was involved and decided in the first.

Matson v. Poncin, 152 Iowa 569, 572, 132 N. W. 970, 971, 38 L. R. A., N. S., 1020, thus states the rule:

"'* * * To be available as an estoppel, the matter must necessarily have been decided; it will not be enough that it may have been. * * * 'The inference must be necessary and irresistible, excluding all doubt.' * * * In short, it must appear that the particular matter was considered and passed on in the former suit, or the adjudication will not operate as a bar to a subsequent action.

"'* * * All the defenses are not presumed to have been sustained [citing cases], and, in the absence of any showing as to which defense prevailed, the dismissal cannot avail as a plea of estoppel. [Citing cases.] In such a case it is pure matter of conjecture as to what issue was determined. It is the essence of estoppel by judgment that it is certain that the precise fact was determined by the former judgment. * * *'"

In Griffith v. Fields & Bryant, 105 Iowa 362, 366, 75 N. W. 325, 326, the court adopted the following language:

" '* * * , if it appears that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was litigated, and upon which the judgment was rendered,—the whole subject-matter of the action will be at large, and open to a new contention, unless the uncertainty be removed by extrinsic evidence showing the precise point involved and determined.' "

See also Eckles v. Des Moines Casket Co., 152 Iowa 164, 130 N. W. 113; Emma Co. v. Emma Co., 7 F. 401; 30 Am. Jur. 997; 34 C. J. 915, 922, 1072.

The record shows that to recover in the former case appellee was required to prove not only that the negligence of Hannah Reinke was the proximate cause of appellee's injury and damage but also that appellee was herself free from contributory negligence. In the present case appellee was not required to prove freedom from contributory negligence and contributory negligence was not a complete bar to recovery. As to contributory negligence the issues in the two cases were materially different. See U. S. Fire Ins. Co. v. Adirondack Power & Light Corp., 206 App. Div. 584, 201 N. Y. S. 643. The verdict in the former case was general and the defense may have been sustained on the issue of contributory negligence. In any event there could be no showing as to which defense prevailed.

During the trial of the case at bar the court pertinently said:

"As a matter of fact, this is quite a different case. That case was an ordinary negligence suit for damages, such as we have tried countless times,—based on the statute which makes the owner of the car responsible for negligence on the part of the driver. In this case we are going into another field, based on the relationship of master and servant;—and you can be sure, gentlemen, that in the instructions I intend to tell the jury that the very foundation of this case is the relationship of master and servant; and that unless they so find they need not go any further, because the case is at an end and there must be a verdict for the defendant."

And the court did so instruct the jury.

In the application of the doctrine of res judicata "the most

infallible test as to whether a former judgment is a bar is to inquire if the same evidence will maintain both the present and the former action.'' Woodward v. Jackson, 85 Iowa 432, 52 N. W. 358; 30 Am. Jur. 918.

It is quite apparent that under Code section 11210 the present case could be maintained without the proof of freedom from contributory negligence required in the former action. Nor does appellant contend the former suit against the owner of the automobile might have been litigated under the theory that said Code section was applicable thereto.

' We conclude this case was not barred by the former judgment. In view of this conclusion appellee's contention that appellant waived the errors assigned to said rulings need not be considered.

The judgment is affirmed.—Affirmed.

SAGER, WENNERSTRUM, GARFIELD, BLISS, MILLER, STIGER, and MITCHELL, JJ., concur.